IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELIAS I. DUDLEY, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-3880 |
| | : | |
| CHESTER COUNTY PRISON, | : | |
|     Defendant. | : | |

## MEMORANDUM

**GALLAGHER, J.**                                                                                                       **OCTOBER 19, 2022**

      Plaintiff Elias Dudley, a prisoner at the Chester County Prison, filed this civil action seeking to bring claims based on his confinement. For the following reasons, the Court will dismiss Dudley's Complaint for failure to state a claim without prejudice to him filing an amended complaint.

**I.**       **FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**

      Dudley initiated this case by mailing what is essentially a "to whom it may concern" letter to the Clerk of the United States District Court for the District of Delaware, in which he indicated his desire to "file a lawsuit against Chester County Prison." (Compl. at 1.)[1] The Clerk of that court docketed Dudley's letter as a new civil lawsuit, consistent with the Clerk's obligation under Federal Rule of Civil Procedure 5.[2] After granting Dudley leave to proceed *in forma pauperis* and informing him that his case would be subject to screening for failure to state a claim, among other things, (ECF No. 6), the Delaware court transferred the case to this district

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

[2] The letter Complaint does not contain a caption naming the parties as required by Federal Rule of Civil Procedure 10. However, "Chester County Prison" was identified as the Defendant on the docket, presumably because of Dudley's representation this was the entity he sought to sue.

1

because venue was improper in Delaware. (ECF No. 10.) Dudley was notified when the case was opened in this Court. (ECF No. 12.) The matter is currently before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2)(B).

In his Complaint, Dudley alleges that he was subjected to unconstitutional conditions during his incarceration at the Chester County Prison because of the way the facility handled COVID-19. (Compl. at 1.) Dudley alleges that his unit was locked down in December and that he "caught COVID-19" one week into the lock down, but "never received any paperwork saying [he] did." (*Id.*) Dudley was moved to Q-Block for quarantine,[3] although some of the inmates who tested positive allegedly remained on the unit. (*Id.*)

Dudley also alleges that inmates were only permitted twenty minutes of time outside their cells on a daily basis for approximately a month. (*Id.* at 1-2.) From some time in January through March 9, that time increased to two hours of time outside the cell. (*Id.* at 2.) On March 9, "the lockdown started all over again" and inmates were again restricted to fifteen to twenty minutes of time outside their cells each day. (*Id.*) Dudley alleges that these conditions, to which he was presumably subjected until the date he filed his Complaint on or about March 21,[4] are

---

[3] Dudley alleges that another inmate was already in the cell in the quarantine unit, and that his arrival put this inmate at risk. (*Id.*) The Court does not understand Dudley to be raising claims on behalf of this inmate.

[4] Pursuant to the prison mailbox rule, a prisoner's complaint is considered filed at the time he hands it over to prison authorities for forwarding to the Court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). It is unclear when Dudley handed his Complaint to prison authorities for mailing, but the envelope in which the Complaint was received by the Clerk in Delaware bears a post-mark of March 21, 2022. (Compl. at 3.)

"deteriorating [his] mental health."[5]  (*Id.*)  Dudley asks the Court to "get back to [him]" but does not request any other relief.

## II.    STANDARD OF REVIEW

Because Dudley has been granted leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if, among other things, it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'"  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  As Dudley is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

---

[5] Dudley adds that he missed court due to the "covid outbreaks" and that this has delayed his criminal case.  (Compl. at 2.)  The Complaint does not indicate whether he sought any relief from the state court overseeing his criminal case on that basis.  According to public dockets, Dudley pled guilty on June 9, 2022 to criminal trespass and carrying a firearm without a license in the Chester County Court of Common Pleas.  *Commonwealth v. Dudley*, No. CP-15-CR-0003011-2021 (C.P. Chester).  He was therefore a pretrial detainee at the time of the events described in the Complaint.

**III.     DISCUSSION**

Dudley's Complaint is best construed as raising claims pursuant to 42 U.S.C. § 1983, for violation of his constitutional rights based on his conditions of confinement. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). However, a prison or jail, such as the Chester County Prison, is not legally a "person" subject to suit under § 1983. *Regan v. Upper Darby Twp.*, No. 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009), *aff'd*, 363 F. App'x 917 (3d Cir. 2010). Accordingly, Dudley cannot state a § 1983 claim against the Chester County Prison.

In any event, to state a constitutional claim in the context of COVID-19 management, Dudley must allege facts to support a plausible inference that prison officials confined him in conditions that amounted to punishment or were deliberately indifferent to his serious medical needs. *See Hope v. Warden York Cty. Prison*, 972 F.3d 310, 325 (3d Cir. 2020). To meet this standard, the facts alleged must reflect that the challenged conditions were imposed "for the express purpose of punishment" or that the "Government knew of *and disregarded* an excessive risk to their health and safety." *Id.* at 328-29 (citing *Nicini v. Morra*, 212 F.3d 798, 811 (3d Cir. 2000)). "The context of the Government's conduct is essential to determine whether it shows the requisite deliberate indifference," and, in this context, a reviewing court must defer to the expertise of both medical officials and jail administrators, and not assume a constitutional defect where concrete action has been taken in response to the COVID-19 pandemic, as constitutional rules "are not subject to mechanical application *in unfamiliar territory*." *Id.* at 330 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 850 (1998)) (emphasis in original). Thus, where

4

the facility has taken concrete steps towards mitigating the medical effects of COVID-19 in a detention facility, a prisoner will fall "well short" of establishing that the facility and its staff were deliberately indifferent toward his medical needs in light of the virus, even though they cannot entirely "eliminate all risk" of contracting COVID, notwithstanding even serious preexisting medical conditions the prisoner may have. *Id.* at 330-31.

Here, the Complaint reflects that prison officials implemented a lock down in December to address COVID-19, but that Dudley nevertheless contracted the virus. Additionally, Dudley was moved to a quarantine unit after contracting COVID-19, although it appears that was not the case with every inmate who tested positive for the virus. Although Dudley alleges that his mental health has been adversely affected by the lockdown, this vague allegation does not establish that any prison officials have treated any of his serious medical needs with deliberate indifference or that his treatment was a result of an intent to punish rather than an effort to control the virus.[6] In sum, the scant facts alleged in the Complaint are insufficient without further factual development to state a deliberate indifference claim based on how the facility handled outbreaks of COVID-19. *Muata v. Hicks*, No. 21-3210, 2022 WL 2526692, at *1 (3d Cir. July 7, 2022) ("Even if plaintiffs could show that Slaughter and Hicks knew of the risk posed by COVID-19, despite its unprecedented and unpredictable nature, they have failed to

---

[6] As noted above, Dudley only indicated an intention to sue the Chester County Prison, which is not subject to suit under § 1983. In any event, the Complaint does not identify any individuals who were personally involved in the events giving rise to his claims, either on an individual or supervisory basis. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable); *see also Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 575 U.S. 822 (2015) (explaining that supervisors may be liable under § 1983 if they established and maintained an unconstitutional policy or custom, directed others to violate the plaintiff's rights, or had knowledge of and acquiesced in their subordinates' conduct).

allege that either defendant disregarded that risk when creating the prison's policies."); *Hope*, 972 F.3d at 330 (explaining that the constitution does not require the government to entirely eliminate the risk of contracting COVID-19 in a prison setting, stating "[plaintiffs] argue that the Government must eliminate *entirely* their risk of contracting COVID-19.  That task is not the constitutional standard, however."); *see generally Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed.").  Furthermore, denial of exercise or time outside the cell for periods of time similar to those alleged in the Complaint, including during a lock down, have been found not to violate the Constitution.  *See, e.g., Barndt v. Wenerowicz*, No. 15-2729, 2016 WL 6612441, at *4 (E.D. Pa. Nov. 8, 2016), *aff'd,* 698 F. App'x 673 (3d Cir. 2017) (denial of showers and out of cell exercise for twenty-eight days did not violate Eighth Amendment when plaintiff did not suffer ill effects and had access to running water in his cell); *Liles v. Camden Cty. Dep't of Corr.*, 225 F. Supp. 2d 450, 461 (D.N.J. 2002) (no constitutional violation where "Plaintiffs were confined to their cells with up to three other inmates and only allowed to spend twenty minutes outside of their cell to shower, use the bathroom, exercise, and make phone calls" for a three-week lock down period).  Without further factual allegations on this point, the Complaint fails to state a deliberate indifference claim as pled.  *See Bell v. Wolfish*, 441 U.S. 520, 542 (1979) (indicating that conditions must result in "genuine privations and hardship over an extended period of time" to violate the Constitution).

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Dudley's Complaint for failure to state a claim.  The dismissal is without prejudice to Dudley filing an amended complaint in the event

he can state a plausible claim against an appropriate defendant responsible for the claimed constitutional violations.  An Order follows, which provides further instruction as to amendment.

**BY THE COURT:**

*/s/ John M. Gallagher*
**JOHN M. GALLAGHER, J.**